**Alphonsus McNEIL**

v.

**J. H. LATNEY, Ass't. Sup't., etc.**

**Civ. A. No. 74–0365–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 17, 1974.

Alphonsus McNeil, pro se.

Stuart Bateman, Asst. Atty. Gen., Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Alphonsus McNeil, a Virginia prisoner, brings this action in forma pauperis seeking injunctive relief from alleged constitutional deprivations, among which is a claim that he has been denied income to which he is entitled for his labors at Correctional Unit #13. Jurisdiction of the Court is attained pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court deems this matter ready for disposition upon defendant's motion for summary judgment and plaintiff's response thereto.

The relevant facts are as follows: On April 23, 1974, plaintiff was transferred from the New Kent Correctional Unit #16 to Unit #13, due to the conversion of Unit #16 to an all misdemeanant unit. While at Unit #16, plaintiff had worked as a cook and had been paid a basic rate of $0.25 per day, with an additional bonus of $0.50 per day. Upon his transfer to Unit #13, plaintiff was assigned to work on a road crew. Plaintiff alleges that he is now receiving a total of only $0.50 per day, despite an institutional policy that a prisoner's bonus pay may not be reduced unless he has been found guilty of a major infraction.

Plaintiff further alleges that since arriving at Unit #13, his crew foremen have twice recommended plaintiff for additional bonuses of $0.10 per day, both of which have been denied. Finally, plaintiff contends that there is racial discrimination in the administration of the Unit's work program in that a white inmate assists in the keeping of pay records and several white inmates receive full pay although they do not work a full schedule.

Defendant, in moving for summary judgment, denied all allegations regarding irregularities in plaintiff's paycheck and has submitted pay sheets which reflect that plaintiff's rate of pay is and

has remained the same as it was when plaintiff was transferred from Unit #16. Defendant, by affidavit, further states that it is his responsibility, as Assistant Superintendent, to prepare the payroll for all inmates and that only after he performs this function does a white inmate provide clerical assistance. Moreover, defendant states that he lacks authority to approve raises since such recommendations must be acted upon by the unit superintendent. Finally, he alleges that the reason for the discrepancy in plaintiff's total monthly pay between what he now receives at Unit #13 and what he received at Unit #16 is that at Unit #16 plaintiff was paid for working seven days per week either in the kitchen or on the yard, whereas at Unit #13 plaintiff works only five days per week.

Defendant has also submitted an affidavit from G. L. Simpson, Superintendent of Unit #13, wherein Mr. Simpson states that he denied plaintiff additional bonuses because he did not find plaintiff's work to be more exemplary than that of other individuals assigned to the road crew. Mr. Simpson further stated that job assignments at the unit are not made upon racial considerations and that any pay discrepancies among inmates stem from the various pay schedules which depend solely upon the type of work performed.

Viewing the complaint in a light most favorable to plaintiff, Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the Court finds that it must dismiss the complaint for failure to state a claim within federal jurisdiction. It is clear within this Circuit that the courts may interfere in prison management "only when the deprivations of prison confinement impose conditions of such onerous burdens as to be of constitutional dimensions." Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972). Moreover, the Fourth Circuit has clearly stated that the administration of programs such as work assignments involve the discretion which prison officials must exercise for the management of their institution. Thompson v. Slayton, Mem. decis. 73–1457 (4th Cir. June 18, 1973). While plaintiff may have, at most, a State claim for the institution's alleged failure to comply with its own regulations, this Court is not the proper forum in which to raise such a claim. Consequently, an order will issue granting defendant's motion for summary judgment.